UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

MICHAEL W. DEARMAN,

Plaintiff,

v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

Defendant.

Case No. 2:15-01447-GMN-PAL

**ORDER**

(IFP App – Dkt. #1)

Plaintiff Michael W. Dearman has submitted an Application to Proceed *In Forma Pauperis* (Dkt. #1) pursuant to 28 U.S.C. § 1915 along with a Complaint (Dkt. #1-1). This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4 and 1-9 of the Local Rules of Practice.

I.      **APPLICATION TO PROCEED *IN FORMA PAUPERIS***

Plaintiff's Application includes the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted. The Court will now review Plaintiff's Complaint.

II.     **SCREENING THE COMPLAINT**

After granting a request to proceed *in forma pauperis*, a federal court must additionally screen the complaint and any amended complaints filed prior to a responsive pleading. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (§ 1915(e) "applies to all *in forma pauperis* complaints"). The simplified pleading standard set forth in Rule 8(a) of the Federal Rules of Civil Procedure applies to all civil actions, with limited exceptions. *Alvarez v. Hill*, 518 F.3d 1152, 1159 (9th Cir. 2008). For purposes of 28 U.S.C. § 1915's screening requirement, a properly pled complaint must therefore provide "a short and plain statement of the claim

1

1 showing that the pleader is entitled to relief."   Fed. R. Civ. P. 8(a)(2); *see also Bell Atlantic*

2 *Corp. v. Twombly*, 550 U.S. 544, 555 (2007).   Although Rule 8 does not require detailed factual

3 allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the

4 elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  A

5 complaint "must contain sufficient allegations of underlying facts to give fair notice and to

6 enable the opposing party to defend itself effectively."  *Starr v. Baca*, 652 F.3d 1202, 1216 (9th

7 Cir. 2011).

8      Federal courts are given the authority dismiss a case if the action is legally "frivolous or

9 malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from

10 a defendant who is immune from such relief.   28 U.S.C. § 1915(e)(2).   The standard for

11 determining whether a plaintiff has failed to state a claim upon which relief can be granted under

12 § 1915 is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a

13 claim.  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  Review under Rule 12(b)(6) is

14 essentially a ruling on a question of law.  *North Star Intern. v. Ariz. Corp. Comm'n*, 720 F.2d

15 578, 580 (9th Cir. 1983).  In considering whether a plaintiff states a valid claim, the court accepts

16 as true all material allegations in the complaint and construes them in the light most favorable to

17 the plaintiff.  *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980).  When a court dismisses

18 a complaint pursuant to § 1915(e), a plaintiff is ordinarily given leave to amend with directions

19 as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies

20 could not be cured by amendment.  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

21      Here, Plaintiff's Complaint challenges a decision by the Social Security Administration

22 ("SSA") denying Plaintiff disability insurance benefits and Supplemental Security Income under

23 Titles II and XVI of the Social Security Act.  *See* Compl. (Dkt. #1-1) ¶ 3.  To state a valid

24 benefits claim, a complaint must give the defendant fair notice of what the plaintiff's claim is

25 and the grounds upon which it rests. *See Starr*, 652 F.3d at 1216.  Although the allegations need

26 not be made in great detail, a complaint must present sufficient detail for the court to understand

27 the disputed issues so that it can meaningfully screen the complaint.  *See* 4 Soc. Sec. Law &

28 Prac. § 56:4 (2015).

## A.      Exhaustion of Administrative Remedies

Before Plaintiff can sue the SSA in federal court, he must exhaust his administrative remedies.  42 U.S.C. § 405(g); *Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) ("Section 405(g) provides that a civil action may be brought only after (1) the claimant has been party to a hearing held by the Secretary, and (2) the Secretary has made a final decision on the claim").  What constitutes a "final decision" is defined through agency regulations rather than statutory text.  *See* 42 U.S.C. § 405(a); *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975).

The SSA's regulations set out how a claimant obtains a final decision from the Commissioner.  20 C.F.R. § 404.900.  First, an initial determination is made as to the person's eligibility or continued eligibility for benefits.  20 C.F.R. § 404.902.  A notice of this initial determination is issued, in which the claimant is informed that he must request reconsideration within 60 days of receipt of the notice.  20 C.F.R. §§ 404.904, 404.909.  Such reconsideration may take the form of a case review or a disability hearing, depending on what is at issue in the particular case.  20 C.F.R. § 404.913.  If dissatisfied with the result of the reconsideration, the claimant may once again appeal within 60 days of the receipt of the decision, this time by requesting a hearing before an administrative law judge ("ALJ").  20 C.F.R. §§ 404.929, 404.933.  Within 60 days of an unfavorable decision by an ALJ, the claimant may apply for review by the SSA's Appeals Council.  20 C.F.R. §§ 404.967, 404.968.  If the Appeals Council elects to review the claim, its decision will be final.  20 C.F.R. § 404.981.  If the Appeals Council declines review, the ALJ's ruling will stand as the final decision, and the case will be ripe for judicial review.  20 C.F.R. §§ 404.981, 404.955(b).

Although review by the Appeals Council is discretionary, the claimant must still petition for review in order to receive a final decision.  *Sims v. Apfel*, 530 U.S. 103, 107 (2000) ("If a claimant fails to request review from the Appeals Council, there is no final decision and, as a result, no judicial review in most cases."); *see also Salfi*, 422 U.S. at 765–66 (a claimant who fails to request the Appeals Council's review has failed to exhaust administrative remedies).  The Ninth Circuit has also reiterated that the ALJ's decision following the hearing does not become the SSA's final decision "until the claimant requests review by the appeals council, and the

3

1    appeals council either grants or denies review."   *Bass*, 872 F.2d at 833; *see also Brewes v.*

2    *Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1162 (9th Cir. 2012) (an ALJ's decision is not final

3    "until the Appeals Council denies review or, if it accepts a case for review, issues its own

4    findings on the merits").

5            In this case, Plaintiff has not alleged he exhausted his administrative remedies.   For

6    example, he does not allege that he petitioned the Appeals Council for review or the Appeals

7    Council denied his request for review.  Although Plaintiff alleges that the ALJ's decision became

8    the Commissioner's final decision upon its issuance, *see* Compl. (Dkt. #1-1) ¶ 7, that assertion is

9    incorrect as a matter of law.  *See Bass*, 872 F.2d at 833; *Brewes*, 682 F.3d at 1162.  Accordingly,

10   there is no indication that the ALJ's decision became the final decision of the Commissioner and

11   Plaintiff has failed to exhausted his administrative remedies.

12           Additionally, it appears Plaintiff's Complaint was not timely filed.   The Complaint

13   alleges that the ALJ issued a decision denying his claim for benefits on May 22, 2015.  *See*

14   Compl. (Dkt. #1-1) ¶ 7.   This action was filed on July 29, 2015.   Thus, even if Plaintiff had

15   exhausted his administrative remedies, the Complaint was filed outside the 60-day period to

16   commence a civil action.  42 U.S.C. § 405(g); *see also* 20 C.F.R. § 404.900(b) (stating that if a

17   claimant is dissatisfied with the SSA's decision but does not take the next step within the

18   prescribed time frame, the claimant loses his right to judicial review).  Plaintiff has not alleged

19   that he has received an extension of time in which to file a civil action in federal court.  For both

20   of these reasons, the Court will dismiss Plaintiff's Complaint with leave to amend.

21           **B.**      **Grounds for Plaintiff's Appeal and the Nature of Plaintiff's Disability**

22           Plaintiff's Complaint seeks judicial review of the Commissioner's decision denying

23   benefits and asks the Court to reverse that decision, or alternatively, to remand this matter for a

24   new hearing.  A district court can affirm, modify, reverse, or remand a decision if Plaintiff has

25   exhausted his administrative remedies and timely filed a civil action.  However, judicial review

26   of the Commissioner's decision to deny benefits is limited to determining: (a) whether there is

27   substantial evidence in the record as a whole to support the findings of the Commissioner; and

28

1    (b) whether the correct legal standards were applied.  *Morgan v. Comm'r Soc. Sec. Admin.*, 169

2    F.3d 595, 599 (9th Cir. 1999).

3          In his Complaint, Plaintiff contends there is not substantial medical or vocational

4    evidence in the record to support: (a) the legal conclusion he is not disabled within the meaning

5    of the Social Security Act; or (b) the Commissioner's finding that Plaintiff could perform

6    substantial gainful activity.  *See* Compl. at ¶ 8.  Plaintiff asserts that the record supports a finding

7    that he is disabled and has been continuously disabled at all relevant times.  *Id*. ¶ 8(c).  Plaintiff

8    also alleges new evidence exists that warrants a remand of this matter for further proceedings.

9    *Id*. ¶ 8(d).

10         However, Plaintiff has not stated the nature of his disability or alleged when it

11    commenced, instead alleging only Plaintiff "is, and at all times relevant to this action, disabled as

12    that term is defined in the Social Security Act."  *Id*. ¶ 5.  Additionally, Plaintiff merely alleges

13    that the Commissioner's decision to deny Plaintiff benefits was wrong, but he fails to indicate

14    why the decision is wrong, other than by reciting the general standards that govern the court's

15    review of the SSA's decision.  *See, e.g.*, *id*. ¶ 8.  Rule 8's pleading standard requires more than a

16    "formulaic recitation of the elements of a cause of action" and more than "labels and

17    conclusions."  *Iqbal*, 556 U.S. at 678.  A complaint merely stating that the SSA's decision was

18    wrong and failing to describe plaintiff's disability is insufficient to satisfy Rule 8's pleading

19    requirement because the complaint does not provide "fair notice of what the plaintiff's claim is

20    and the grounds upon which it rests."  *Cf. Starr*, 652 F.3d at 1216 (addressing post-*Iqbal*

21    pleading standards and holding that a complaint "must contain sufficient allegations of

22    underlying facts to give fair notice and to enable the opposing party to defend itself effectively").

23    Accordingly, Plaintiff's Complaint fails to state a claim upon which relief can be granted.

24         If Plaintiff chooses to amend, the amended complaint should state the nature of Plaintiff's

25    disability, when Plaintiff claims he became disabled, and when and how he exhausted his

26    administrative remedies.  It should also contain a plain, short, and concise statement identifying

27    the nature of Plaintiff's disagreement with the SSA's determination and show that Plaintiff is

28    entitled to relief.

Based on the foregoing,

**IT IS ORDERED**:

1. Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. #1) is **GRANTED**. Plaintiff shall not be required to pay the filing fee of three hundred fifty dollars ($350.00).

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor.  This Order granting leave to proceed in forma pauperis shall not extend to the issuance and/or service of subpoenas at government expense.

3. The Clerk of Court shall file the Complaint, but shall not issue summons.

4. The Complaint is DISMISSED WITH LEAVE TO AMEND.  Plaintiff shall have 30 days from the date of this order, or until **November 27, 2015**, to file an amended complaint if Plaintiff believes he can correct the noted deficiencies.

5. Failure to file an amended complaint in accordance with this order may result in a recommendation to the district judge that this case be dismissed.

Dated this 28th day of October, 2015.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE